NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0024n.06

No. 16-1007

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 12, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARK KASSA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DETROIT METRO CONVENTION & VISITORS | ) | COURT FOR THE EASTERN |
| BUREAU; DETROIT SPORTS COMMISSION, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:    KEITH, BATCHELDER, and CLAY, Circuit Judges.

**ALICE M. BATCHELDER,** Circuit Judge.   Mark Kassa appeals the district court's

order dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), his First Amended

Complaint alleging claims for trademark infringement, trademark dilution, false designation of

origin, and unfair competition.  Kassa, a Detroit-based "musician and entrepreneur," holds valid

trademarks to the phrase "Welcome to the D" for use on clothing, in live musical performances,

and in connection with other entertainment programming.  For example, he hosts the "Welcome

to the D" talk show on YouTube[1] and maintains an online store that sells apparel and accessories

"related to Detroit and music."  In his complaint, he alleges that the Detroit Metro Convention &

Visitors Bureau (the "Bureau") and the Detroit Sports Commission (the "Commission")

infringed on his trademark by using the phrase "Welcome to the D" on banners and signs hung

---

[1] His YouTube channel has 163 subscribers.  Its last episode was uploaded on April 2, 2015.  *See* Welcome
to the D Show, YOUTUBE, https://www.youtube.com/user/WelcomeToTheDshow (last visited Dec. 16, 2016).

around Detroit "to promote" the 2012 World Series and again for the 2015 Volleyball Open National Championships. This alleged infringement, he claims, caused confusion to customers and diluted the distinctiveness of his trademark. Applying our case law, the district court found that the Bureau and the Commission did not use the phrase in a trademark way, because it was a greeting and because "The D" is a common nickname for Detroit. The district court correctly applied the law, so we affirm its order.

We review de novo the dismissal of a complaint under Rule 12(b)(6). *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 608–09 (6th Cir. 2009). To survive a motion to dismiss, the complaint must allege "facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Id.* at 609 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We accept "all well-pleaded factual allegations in the complaint as true," *id.*, but we need not accept legal conclusions "couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim for trademark infringement requires factual allegations that establish three elements: (1) that the plaintiff owns the registered trademark; (2) that the defendant used the mark in commerce; and (3) that the allegedly infringing use was likely to cause confusion. *See Hensley*, 579 F.3d at 609. The third element is the "touchstone of liability," but before we weigh various factors demonstrating a likelihood of confusion, we first determine "whether the defendants 'are using the challenged mark in a way that identifies the source of their goods.'" *Id.* at 610 (quoting *Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 694 (6th Cir. 2003)). If not, then the analysis is over, because the mark is being used "in a non-trademark way," and trademark infringement laws do not apply. *Id.* (citation omitted).

The district court properly found that the Bureau and the Commission did not use "Welcome to the D" as a trademark. In *Hensley*, we found that the allegedly infringing trademark did "not identify [the plaintiff] as the source of [the products]" or "suggest any current association" between the plaintiff and the defendant. *Id.* at 611. The same principle controls here. Even when we take Kassa's pleaded facts as true, the allegations do not support a claim that the Bureau and the Commission used "Welcome to the D" to indicate the source of any good or service.

"The D" is a common nickname for Detroit. The words "Welcome to the D" at the top of banners advertising major sporting events in Detroit are simply a greeting, welcoming visitors to the city using its common nickname. In other words, it is a geographic identifier, not an identifier of the source of goods or services. The phrase does not advertise any goods or services, does not identify Kassa as the source of the World Series or the volleyball championship, and does not suggest any association between those events and Kassa. Nor does he allege that the Bureau and the Commission sold merchandise bearing the mark or used it in any other way than on its banners and signs around the city and in local media. This use was a non-trademark use. Kassa's allegation that the "goods and services being offered . . . bear an identical name as Plaintiff's and also constitute a reproduction or imitation thereof which causes confusion to customers," has no factual support and therefore is a mere conclusion to which we do not assign any assumption of truth. *See Hensley*, 579 F.3d at 611 ("Although Hensley Manufacturing alleges that this creates 'a strong likelihood of confusion in the marketplace as to the source of origin and sponsorship of the goods of the Plaintiff and the Defendant,' such a conclusory and 'formulaic recitation' of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss.").

As the district court aptly noted, viewing the banners and signs in their entirety only strengthens this conclusion. First, the banners contain the logos of various other entities, including the Bureau and the Commission, the World Series, the Detroit Tigers, and USA Volleyball. Second, the phrase "Welcome to the D" must be read in conjunction with the other portion of the phrase that appears on the banner in the same font, "Where Champions are Made and Championships are Played." This second half is an adjectival clause modifying "the D." And in this context, "the D" on the banners and signs must mean Detroit, because that is a place where the players who become champions and the championships in which the people play can be found. Kassa's YouTube show, music, and t-shirts simply are not a place "Where Champions are Made and Championships are Played." Perhaps Kassa discusses Detroit's champions and championship attempts on his show, but he has not alleged that here. Viewing the banner in its entirety—including its grammatical structure—further demonstrates the non-trademark use of the phrase.

Finally, Kassa's argument that *Hensley* imposes an improper pre-pleading requirement is meritless. He argues that this rule "requires the court to evaluate the sufficiency of some parts of the allegations" and "to make a prima facie case for trademark use . . . rather than accept that (wrongful) trademark use has occurred." But accepting well-pled assertions—and not legal conclusions[2]—as true and evaluating whether they state a plausible claim for relief is the point of a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, the court cannot "accept" that a misuse occurred, as that is a conclusion not entitled to the presumption of truth. *See id.* at 681. The *Hensley* rule does not impose a "pre-pleading requirement." Rather, it lays out the elements that a plaintiff must adequately plead in order to state a claim for trademark

---

[2] For example, Kassa's allegation that his trademark is "a well-known mark for all relevant purposes of trademark law" is a legal conclusion asserted as a fact. We need not and do not accept such assertions for purposes of this appeal.

infringement and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Kassa has alleged no facts that are sufficient to establish that the Bureau's and the Commission's use of "Welcome to the D" is likely to establish any confusion with his trademarked uses. He has failed to state a claim, so the district court properly dismissed his complaint.

Because we find that Kassa has failed to state a claim, we need not reach the Bureau's and the Commission's fair use defense. Accordingly, we AFFIRM the judgement of the district court.