# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30256

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

DELOYD JONES, also known as Puggy Jones; BYRON JONES, also known as Big Baby Jones; SIDNEY PATTERSON, also known as Duda Man Patterson,

      Defendants – Appellants.

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2019

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Eastern District of Louisiana

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Appellants were convicted of a series of racketeering, drug, and firearm offenses—including several offenses under 18 U.S.C. § 924—in connection with their activities as members of a New Orleans gang. While this appeal was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of § 924(c) is unconstitutionally vague. Appellants now seek vacatur of their § 924 convictions. We VACATE the challenged convictions and REMAND.

No. 18-30256

I.

Appellants Deloyd Jones, Byron Jones, and Sidney Patterson were convicted of racketeering, drug, and firearm offenses arising out of their membership in the New Orleans gang "Ride or Die." Among these were several convictions under 18 U.S.C. § 924. For each § 924 offense, the indictment charged a Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy—Count 1 in the indictment—as a predicate crime of violence, and a controlled-substance conspiracy—Count 2 in the indictment—as a predicate drug trafficking crime. The verdict form did not require the jury to specify which predicate offense or offenses it relied upon in convicting Appellants of the § 924 offenses.

On appeal, we reversed four of the convictions for insufficient evidence, affirmed the remaining convictions, and remanded for resentencing.[1] *United*

---

[1] The convictions relevant to this appeal and the sentences the district court imposed on remand are as follows:

Deloyd Jones
- **Count 1** – RICO conspiracy under 18 U.S.C. § 1962(c) – life imprisonment.
- **Count 2** – Conspiracy to distribute controlled substances under 21 U.S.C. §§ 841 and 846 – life imprisonment.
- **Count 3** – Conspiracy to possess firearms under 18 U.S.C. § 924(o) – 240 months.
- **Count 16** – Causing death through the use of a firearm under 18 U.S.C. § 924(j) – life imprisonment.
- **Count 18** – Use and carrying of a firearm during and in relation to a crime of violence and a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) – 120 months.
- **Count 20** – Causing death through the use of a firearm under 18 U.S.C. § 924(j) – life imprisonment.

Byron Jones
- **Count 1** – RICO conspiracy under 18 U.S.C. § 1962(c) – life imprisonment.
- **Count 2** – Conspiracy to distribute controlled substances under 21 U.S.C. §§ 841 and 846 – 235 months.
- **Count 3** – Conspiracy to possess firearms under 18 U.S.C. § 924(o) – 235 months.
- **Count 6** – Causing death through the use of a firearm under 18 U.S.C. § 924(j) – 235 months.
- **Count 8** – Use and carrying of a firearm during and in relation to a crime of violence and a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) – 120 months.

No. 18-30256

*States v. Jones*, 873 F.3d 482, 500 (5th Cir. 2017). Appellants appeal a second time. In their briefs, they argue that their § 924 convictions are unconstitutional under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and our decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018). When Appellants filed their briefs, *Davis* was still pending before the Supreme Court. After the oral argument in this case, the Supreme Court issued its opinion in *Davis*, which affirmed our decision on the relevant issue. 139 S. Ct. at 2336. Because both *Davis* decisions were issued after Appellants' resentencings, they did not raise this issue in their previous appeal or in the district court.

## II.

In *Sessions v. Dimaya*, the Supreme Court invalidated the residual clause of 18 U.S.C. § 16(b) as unconstitutionally vague. 138 S. Ct. at 1223. Months later, in *United States v. Davis*, we relied on *Dimaya* to hold that the identically-phrased residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague as well. 903 F.3d at 486. The Supreme Court agreed and affirmed our holding in that regard. *Davis*, 139 S. Ct. at 2336.

The parties agreed in their briefs that under *Dimaya* and our decision in *Davis*, RICO conspiracy is not a § 924(c) crime of violence. In a Federal Rule of Appellate Procedure 28(j) letter, the government acknowledged that the same is true under the Supreme Court's *Davis* decision. *See* Gov't's Fed. R. App. P. 28(j) Letter (June 26, 2019). Because the jury in Appellants' case may have based Appellants' § 924 convictions on the now-invalid RICO conspiracy

---

Sidney Patterson
- **Count 1** – RICO conspiracy under 18 U.S.C. § 1962(c) – life imprisonment.
- **Count 2** – Conspiracy to distribute controlled substances under 21 U.S.C. §§ 841 and 846 – life imprisonment.
- **Count 3** – Conspiracy to possess firearms under 18 U.S.C. § 924(o) – 240 months.
- **Count 20** – Causing death through the use of a firearm under 18 U.S.C. § 924(j) – life imprisonment.

No. 18-30256

predicate, Appellants contend that each of those convictions is unconstitutional.[2] Appellants advance two alternative arguments in support of their position: (1) permitting § 924 convictions predicated on RICO conspiracy is structural error requiring automatic reversal; and (2) the § 924 convictions should be reversed under plain error review.

## A.

Structural error is constitutional error that "'affect[s] the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.'" *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907 (2017) (alteration in original) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). If an error is structural, it is not harmless beyond a reasonable doubt, and it warrants automatic reversal. *See id.*

Structural error does not occur when a jury rendering a general verdict "was instructed on alternative theories of guilt and may have relied on an invalid one." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008); *accord United States v. Skilling*, 638 F.3d 480, 481 (5th Cir. 2011). That is precisely what occurred here: the jury was given two theories of guilt for the § 924 offenses—a crime of violence predicate and a drug trafficking predicate—and it may have relied on the invalid crime of violence predicate to the exclusion of or in addition to the valid drug trafficking predicate. Thus, under *Hedgpeth*, plain error review applies. *See United States v. Flores*, 2018 WL 2709855, at *6–7 (D. Nev. June 5, 2018) (holding that inclusion of invalid § 924(c) crime of violence predicate in jury instructions was not structural error where jury was also given valid drug trafficking predicate); *see also United States v. Percel*, 553 F.3d 903, 908–09 (5th Cir. 2008) ("Generally, incorrect jury instructions are not considered

---

[2] Specifically, Deloyd Jones challenges his Count 3, 16, 18, and 20 convictions; Byron Jones challenges his Count 3, 6, and 8 convictions; and Patterson challenges his Count 3 and 20 convictions.

structural errors."); *Jimenez v. Wood Cty.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc) ("Where a proper objection is not made, . . . our review of a jury instruction challenge is limited to review for plain error.").

Moreover, we recently applied plain error review under circumstances similar to Appellants': the appellant was convicted of a firearm offense under § 924(c) based on a predicate crime of violence that the parties agreed was invalid in light of our decision in *Davis*. *United States v. Lewis*, 907 F.3d 891, 893–94 (5th Cir. 2018), *cert. denied*, No. 18-989, 2019 WL 358452 (June 28, 2019). We have also applied plain error review in the analogous context of *Johnson*[3] and *Dimaya* errors. *E.g.*, *United States v. Fuentes*, 906 F.3d 322, 324–25 (5th Cir. 2018) (*Johnson* error); *United States v. Rubio-Sorto*, 760 F. App'x 258, 259–60 (5th Cir. 2019) (*Dimaya* error); *see also Shabazz v. United States*, 923 F.3d 82, 84 (2d Cir. 2019) (concluding that *Johnson* error in sentencing was not structural). We likewise hold that the *Davis* error in this case is not structural.

## B.

Appellants next argue that even if the error here is not structural, we must reverse their convictions under plain error review.[4] Plain error review consists of four prongs: (1) there must be an error; (2) the error must be "clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings'"; and (4) the court must decide in its discretion to correct the error

---

[3] *See Johnson v. United States*, 135 S. Ct. 2551 (2015).

[4] In the alternative, Appellants submit that de novo review is appropriate because their arguments were foreclosed in the Fifth Circuit at the time of their trial and initial appeal. However, as the government points out and Appellants acknowledge, we "may review a claim raised for the first time on appeal, even when based on an intervening Supreme Court decision, only for plain error." *United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009).

because it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 734, 736 (1993)).

The government concedes that prong one of the plain error review framework is satisfied here because, under both *Davis* decisions, it was error to permit the jury to convict Appellants under § 924 based on RICO conspiracy as a crime of violence. The government also concedes prongs two and four: that the error is plain because both *Davis* opinions were issued while this appeal was pending, and that, if the error affected Appellants' substantial rights, "the failure to remedy the mistake would be manifestly unfair."

The government is correct to concede these points. In *Davis*, we held that Hobbs Act conspiracy was not a crime of violence because it did "not necessarily require proof that a defendant used, attempted to use, or threatened to use force"—instead, "conspiracy to commit an offense is merely an agreement to commit an offense." 903 F.3d at 485. The Supreme Court's *Davis* opinion left this reasoning intact. 139 S. Ct. at 2336 (vacating only our decision not to vacate the appellants' sentences on all counts). Similarly, RICO conspiracy only requires that (1) "two or more people agreed to commit a substantive RICO offense"; and (2) "the defendant knew of and agreed to the overall objective of the RICO offense." *Jones*, 873 F.3d at 489. Accordingly, RICO conspiracy is not a crime of violence, and the district court erred in permitting Appellants' § 924 convictions to be predicated on this offense. In addition, because we decided *Davis* in September 2018 and the Supreme Court decided *Davis* in June 2019, the error is plain. *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) ("[T]he 'plainness' of the error should be judged by the law at the time of appeal.").

As for prong four of plain error review, the *Davis* error here increased Appellants' sentences significantly and even resulted in additional life sentences for Deloyd Jones and Patterson.    Declining to correct this "particularly egregious error[]" would therefore "cast significant doubt on the fairness of the criminal justice system." *United States v. Young*, 470 U.S. 1, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)); *United States v. Hornyak*, 805 F.3d 196, 199 (5th Cir. 2015) (holding that prong four was satisfied where appellant would be kept in prison for an additional sixty-eight months "because of a clause in a statute declared unconstitutionally void during his direct appeal").    Thus, our only remaining inquiry in this case is under prong three: whether the *Davis* error in this case affected Appellants' substantial rights.  *See Puckett*, 556 U.S. at 135.  We hold that it did.

To establish that an error affected their substantial rights, Appellants must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).   In *Lewis*, we concluded without discussion that a *Davis* error affected the appellant's substantial rights.  907 F.3d at 895.  However, this case presents a different question because here the jury could have convicted on the § 924 counts by relying on either the invalid crime of violence predicate or the alternative drug trafficking predicate, the Count 2 controlled-substance conspiracy.

Appellants contend that the record demonstrates that the *Davis* error affected their substantial rights because the outcome at trial may have been different absent the inclusion of the RICO conspiracy crime of violence predicate for the § 924 offenses.  Appellants argue that the indictment, the evidence and arguments presented at trial, and the verdict form indicate that the RICO conspiracy encompassed a broader range of conduct than the

No. 18-30256

controlled-substance conspiracy, allowing the jury to convict on the § 924 counts based on conduct unrelated to drug trafficking. The government responds that the verdict form and the government's theory at trial demonstrate that the jury necessarily connected the § 924 offenses to the controlled-substance conspiracy, so the verdict would have been the same even absent the RICO conspiracy predicate.

Courts that have considered § 924 convictions predicated on both a crime of violence and a drug trafficking crime have reached disparate conclusions as to whether the jury could have convicted based only on the drug trafficking predicate. For example, the Eleventh Circuit concluded that an indictment charging a § 924(c) offense based on multiple predicate offenses was infirm because "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of [the] predicate offenses, or guilty of conspiring during some and not others." *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016); *see also In re Cannon*, 2019 WL 3334766, at *5 (11th Cir. July 25, 2019) (holding that appellant made a prima facie showing that his *Davis* claim satisfied the statutory criteria of 28 U.S.C. § 2255(h)(2) where his § 924 conviction referenced multiple predicates, including one that may no longer qualify as a crime of violence, and it was "somewhat unclear which crime or crimes served as the predicate offense").

In contrast, the Second Circuit held in an unpublished case that no plain error occurred where the appellant had "admitted to engaging in drug trafficking" at trial and "certain questions from the jury during deliberations indicate[d] that the jury was considering the drug trafficking predicate" instead of the crime of violence predicate. *United States v. Ventura*, 742 F. App'x 575, 578 (2d Cir. 2018), *petition for cert. filed* (U.S. Feb. 12, 2019) (No. 18-8055); *see also United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016)

8

(holding that a § 924 conviction "undoubtedly rest[ed] on a valid drug-trafficking predicate" where the crime of violence and drug conspiracy were "inextricably intertwined" and the jury convicted on the underlying drug conspiracy offense).

Turning to the record in this case, the indictment provides the first indication that the RICO conspiracy and the controlled-substance conspiracy were not coextensive. While the alleged conduct underlying the RICO conspiracy included "conspiracy to distribute controlled substances" and "distribution of controlled substances," it also included a broader range of conduct: "conspiracy to commit murder," "aggravated battery," the use of "stolen vehicles," and "protecting the power, territory and profits of the enterprise through . . . aggravated assault, robbery and murder." In addition, the indictment charged each § 924 offense alongside another offense based on the same conduct: for example, Counts 5 and 6 both arose out of the murder of Travis Arnold. Although the § 924 offenses included both the RICO and controlled-substance predicates, the paired offenses specified that they were committed "in Aid of Racketeering"—a reference to 18 U.S.C. § 1959, the Violent Crimes in Aid of Racketeering Act (VICAR)—suggesting a connection between the conduct underlying each § 924 offense and the RICO conspiracy.

The government's opening statement and closing argument also suggest that the RICO conspiracy offense encompassed conduct beyond the controlled-substance conspiracy. Specifically, the government's opening statement emphasized that Ride or Die used its guns in acts of violence unrelated to its drug activity, such as protecting its gang territory or maintaining its reputation. The government made similar statements in its closing argument. In addition, witness testimony at trial described RICO conduct unrelated to the controlled-substance conspiracy.

9

The verdict form further supports Appellants' argument that there is a reasonable probability that the jury's verdict would not have been the same absent the inclusion of the RICO conspiracy as a crime of violence predicate. The verdict form included the same VICAR "in Aid of Racketeering" language for the offenses paired with each § 924 offense based on the same underlying conduct. And Appellants correctly observe that the jury returned the same verdicts on each § 924 offense and its paired "in Aid of Racketeering" offense. For example, on Counts 5 and 6, the jury convicted Byron Jones of both and acquitted Patterson of both. This suggests that the § 924 convictions were based on the RICO conspiracy predicate.

The government contends that the verdict form instead establishes that the RICO conspiracy and the controlled-substance conspiracy were necessarily connected, pointing to the jury's additional findings on Count 1 that Appellants conspired to distribute and possess drugs in furtherance of the RICO conspiracy. This does not change our analysis. The fact that Appellants' drug-related conduct furthered the RICO conspiracy does not establish the converse: that *all* of Appellants' RICO conduct furthered the controlled-substance conspiracy as well. A reasonable probability remains that the jury relied upon RICO conduct separate from the drug conspiracy—such as assaults and murders for the purpose of maintaining the gang's territory or reputation—to convict Appellants of the challenged § 924 offenses. *Cf. Vasquez*, 672 F. App'x at 61 (finding no plain error where the potentially invalid predicate "was presented as a part of" and was "an act . . . in furtherance of" the indisputably valid predicate).

While this is a close question, we conclude that the above record evidence demonstrates a reasonable probability that the jury would not have convicted Appellants of the § 924 offenses if the invalid crime of violence predicate were not included on the verdict form. This is not a case like *Vasquez* or *Ventura*

where the record makes clear that the jury based the § 924 convictions on the valid drug trafficking predicate. *See Vasquez*, 672 F. App'x at 61; *Ventura*, 742 F. App'x at 577–78.

Finally, the sentences imposed based on Appellants' § 924 convictions were significant: Deloyd Jones received two additional life sentences and thirty additional years of imprisonment, Byron Jones received approximately fifty additional years of imprisonment, and Patterson received an additional life sentence and twenty additional years of imprisonment. *See United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009) ("[W]e often ask whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand."). As a result, we hold that the inclusion of the RICO conspiracy crime of violence predicate affected Appellants' substantial rights. Appellants have demonstrated plain error.

## III.

Because it was plain error to permit the jury to convict Appellants of § 924 offenses based on RICO conspiracy as a crime of violence predicate, we VACATE Deloyd Jones's Count 3, 16, 18, and 20 convictions; Byron Jones's Count 3, 6, and 8 convictions; and Patterson's Count 3 and 20 convictions. We REMAND for further proceedings consistent with this opinion.