UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Durfee

    v.
United States of America

Civil No.  16-cv-280-JD
Opinion No. 2020 DNH 061

O R D E R

Christopher Durfee was convicted in 1997 on multiple charges of Hobbs Act robbery, attempted robbery, and conspiracy to commit robbery.  He was also convicted on two counts of using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  He received a sentence of 437 months of imprisonment, of which 300 months are attributable to his convictions on Counts 8 and 15 under § 924(c).  Durfee brings a petition pursuant to 28 U.S.C. § 2255, challenging his convictions and sentences on Counts 8 and 15.[1]

Background[2]

In 1995 and 1996, Durfee met with several others to plan robberies of various targets, including supermarkets.  In early

---

[1] The First Circuit Court of Appeals granted Durfee permission to file a second or successive petition.  See Doc. no. 5.

[2] The background information is taken from United States v. LiCausi, 167 F.3d 36 (1st Cir. 1999), which affirmed Durfee's conviction, along with the convictions of those charged and tried with him.

January of 1996, Durfee and another member of the group, Bernie Subocz, robbed a Vista Foods supermarket in Manchester, New Hampshire. They used pistols to force the store manager to open the safe and escaped with $66,000.00.

In March, Durfee joined other members of the group in two attempts to rob a Market Basket supermarket in Portsmouth, New Hampshire. Durfee was carrying a Beretta semi-automatic pistol during those attempts. The group abandoned the planned robberies because of equipment problems on the first attempt and when the store manager noticed them the second time and made a call on his cell phone.

Four of the robbers, including Durfee, were charged on twenty-seven counts in a superseding indictment. Count 13, which charged conspiracy to commit robbery of the Market Basket supermarket in Portsmouth, was dismissed before trial. Pertinent to the issues raised in this habeas petition, Durfee was convicted of conspiracy to commit robbery of the Vista Foods supermarket in violation of 18 U.S.C. § 371, Count 6; robbery of the Vista Foods supermarket in violation of 18 U.S.C. § 1951 ("Hobbs Act"), Count 7; attempted robbery of Market Basket in violation of § 1951, Count 14; and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); Counts 8 and 15. Durfee's convictions were affirmed on appeal.

Discussion

Section 924(c)(1)(A) provides increased sentences for any person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." A "crime of violence" for purposes of § 924(c)(1)(A) is a felony that either "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). Crimes of violence for purposes of § 924(c) are known as predicate offenses.

Conspiracy to commit Hobbs Act robbery, the predicate offense at issue in this case, is not a "crime of violence" as defined by § 924(c)(3)(A) because it does not have "as an element the use, or threatened use of physical force against the person or property of another." See Brown v. United States, 942 F.3d 1069, 1075-76 (11th Cir. 2019); United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019); Kenney v. United States, 2020 WL 869791, at *3 (D.N.H. Feb. 21, 2020). For that reason, to qualify as a predicate offense, a conspiracy to commit Hobbs Act

robbery would have to be a crime of violence under § 924(c)(3)(B).

The Supreme Court recently held that § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). That new substantive rule of constitutional law applies retroactively to cases on collateral review. In re Franklin, 950 F.3d 909, 911 (6th Cir. 2020); Bufkin v. United States, --- F. App'x ---, 2020 WL 405389, at *2 (7th Cir. Jan. 24, 2020); United States v. Bowen, 936 F.3d 1091, 1097-98 (10th Cir. 2019); In re Hammond, 931 F.3d 1032, 1038 (11th Cir. 2019). As a result, offenses that depend on the residual clause to qualify as crimes of violence can no longer serve as predicate offenses for purposes of § 924(c) convictions.

In support of his amended § 2255 motion, Durfee contends that the predicate offenses for the § 924(c) charges, Counts 8 and 15, included Hobbs Act robbery conspiracies that no longer qualify as crimes of violence. Because the jury could have found him guilty on the § 924(c) charges, Counts 8 and 15, based on the conspiracy charges, he argues, his convictions on Counts 8 and 15 must be vacated, and he must be resentenced.[3]

---

[3] To the extent Durfee intended to rely on structural error, he has not shown it applies here. Structural error is a rare type of constitutional mistake "affecting the framework within

4

In response, the government agrees that, under Davis, conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence for purposes of § 924(c).  The government contends, however, that the change does not undermine Durfee's convictions.  The government asserts that the only predicate offense for Count 15, pertaining to the Market Basket supermarket in Portsmouth, was the attempted Hobbs Act robbery charge, Count 14.  With respect to  the § 924(c) conviction on Count 8, pertaining to robbery of the Vista Foods supermarket in Manchester, the government contends that the robbery conviction on Count 7 provides a predicate offense and that the error in the jury instruction on Count 8, which included the conspiracy charge, is harmless.

---

which the trial proceeds." Arizona v. Fulminante, 499 U.S. 279, 310 (1991).  When structural error occurs, it is per se prejudicial.  United States v. French, 904 F.3d 111, 119 (1st Cir. 2018).

In contrast, an "error which occurred during the presentation of the case to the jury" is not structural. Fulminante, 499 U.S. at 307.  For that reason, an error in jury instructions is not structural.  United States v. Pelletier, 666 F.3d 1, 11 (1st Cir. 2011).  More specifically, "[s]tructural error does not occur when a jury rendering a general verdict 'was instructed on alternative theories of guilt and may have relied on an invalid one.'"  United States v. Jones, 935 F.3d 266, 270 (5th Cir. 2019).  Therefore, structural error is not implicated in this case.

A.  Standard of Review

A motion under § 2255 may be granted if the petitioner shows that his "sentence was imposed in violation of the Constitution or laws of the United States."  § 2255(a). Pertinent to this case, "constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may rest on a legally invalid theory." Skilling v. United States, 561 U.S. 358, 404 (2010); Hedgpeth v. Pulido, 555 U.S. 57, 61 (2008).  On review under § 2255, the harmless error standard applies to constitutional errors due to flawed jury instructions.  Neder v. United States, 527 U.S. 1, 9-10 (1999); Oriz-Graulau v. United States, 756 F.3d 12, 20 (1st Cir. 2014); Sustache-Rivera v. United States, 221 F.3d 8, 18 (1st Cir. 2000).  More specifically, the harmless error standard applies in § 2255 cases where the petitioner challenges a § 924(c) jury instruction on the ground that it included an invalid predicate offense.  United States v. Black, 2020 WL 1445606, at *2 (N.D. Ill. Mar. 25, 2020); Acosta v. United States, 2019 WL 4140943, at *3 (W.D.N.Y. Sept. 2, 2019); Johnson v. United States, 2019 WL 1790218, at *5 (C.D. Ca. Apr. 23, 2019).

Under the harmless error standard, "the inquiry is whether any trial error had a 'substantial and injurious effect or

influence in determining the jury's verdict.'" Oritz-Graulau, 756 F.3d at 20 (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)). The burden is on the government to show that the trial error was harmless. Sustache-Rivera, 221 F.3d at 18. "[T]rial error is deemed harmless 'if it is highly probable that the challenged action did not affect the judgment.'" Id. (quoting Singleton v. United States, 26 F.3d 233, 237 (1st Cir. 1994)).

B. Jury Instructions on the § 924(c) Charges

The jury was instructed that the indictment charged Durfee and others "with using and carrying a firearm during and in relation to a crime of violence" and then quoted § 924(c). Jury Instruction Transcript at 49. The instruction continued as follows:

> [T]here are two material elements of this offense, each of which the government must prove beyond a reasonable doubt:
> First, that the defendant conspired to commit, attempted to commit, or committed the crime of obstructing interstate commerce by robbery.
> And second, during and in relation to that crime, the defendant knowingly used or carried a firearm.
> The first element that the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States. You will note that Counts 8 . . . [and] 15 each refer back to other counts in which the defendant is accused of committing a crime, which will be referred to as the "predicate crime." You are instructed that the crimes charged in Count 6, 7 . . . [and] 14 . . . of the indictment are crimes of violence. However, it is for you to determine whether or not the government has

7

proved beyond a reasonable doubt that the defendant committed the predicate crime of violence with which he has been charged. If you have found that the defendant did not commit the predicate crime of violence with which he has been charged, then you must find the defendant not guilty of the charge of using or carrying a firearm during the commission of a violent crime.

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used or carried a firearm during and in relation to the commission of a crime of violence.

Jury Instruction Transcript, at 49-51.[4]

## C. Vista Foods – Count 8

### 1. Indictment

As a preliminary matter, Durfee argues, based on the indictment, that "the jury must have found that [he] committed both the robbery as well as the conspiracy in order to convict [him] of count Eight of the indictment as the government used the conjunctive 'and' in the indictment as opposed to a disjunctive 'or'." Doc. no. 11, at 5. Count 8 charged Durfee with using firearms during crimes of violence, "namely robbery and conspiracy to commit robbery," at Vista Food. Doc no. 84, at *13. Contrary to Durfee's interpretation, Count 8 charged that firearms were used during both crimes but did not require the jury to find that both crimes were predicate offenses. In fact, in the jury instruction, the court used "predicate crime

---

[4] The counts omitted pertain to the other defendant.

8

of violence" in the singular.  The jury was instructed that they were to determine whether the government had proved beyond a reasonable doubt that Durfee had committed the charged predicate crime not more than one charged predicate crimes.  Therefore, Durfee's interpretation of the indictment lacks merit.[5]

## 2.   Jury Instruction

The jury was instructed that the charges of conspiracy to rob, Count 6, and robbery of the Vista Foods supermarket, Count 7, were both predicate crimes of violence for purposes of the § 924(c) offense charged in Count 8.  The parties agree that only robbery, as charged in Count 7, is a valid predicate crime of violence.  For that reason, the instruction that Count 6 was a predicate crime of violence was error.  The jury found Durfee guilty on Count 8 but was not asked to and did not identify the predicate offense or offenses found.

---

[5] Durfee's reliance on United States v. Berry, 2020 WL 591569 (W.D. Va. Feb. 6, 2020), is misplaced.  There, Berry sought § 2255 relief from his § 924(c) conviction and sentence because the predicate charges were both combined charges of attempt or conspiracy to commit Hobbs Act robbery.  The government conceded that the general verdicts on the attempt or conspiracy charges could not be predicate offenses for the § 924(c) conviction.  Id. at *3.  That is a different circumstance than the two alternative predicate offense convictions here, where Hobbs Act robbery is a valid predicate offense.

For the instruction to be harmless, despite the error, the government must show that the instruction did not have a substantial and injurious effect or influence in determining the jury's verdict. In this context, the government must show that it is highly probable that the jury did not find that conspiracy was the only predicate offense for Count 8. The government contends that is the case here.

In support, the government contends that the Vista Foods supermarket conspiracy and robbery were intertwined offenses. In other words, the conspiracy to rob and the robbery of the Vista Foods supermarket encompassed the same criminal activity. The government contends that based on the evidence the jury could not have found that Durfee used or carried a gun in furtherance of the conspiracy, but not the robbery.

Courts that have considered the effect of alternative predicate offense instructions on a § 924(c) charge, when one or more of the potential predicate offenses was invalid, have applied that reasoning.[6] When the valid and invalid predicate offenses were not coextensive and instead involved different criminal activities, a reasonable probability exists that the

_____

[6] Durfee misunderstands Davis to hold that the court cannot consider the evidence underlying a conviction to determine whether harmless error occurred. The Supreme Court made no such ruling.

10

jury would not have found a crime of violence absent the invalid predicate offense.  United States v. Jones, 935 F.3d 266, 273-74 (5th Cir. 2019); United States v. Rodriguez, 2020 WL 1878112, at *17 (S.D.N.Y. Apr. 15, 2020).

For example, when the two potential predicate offenses were a RICO conspiracy, not a valid predicate, and a controlled-substance conspiracy, a valid predicate, the two offenses were not coextensive because the RICO conspiracy included a "broader range of conduct" than the controlled-substance conspiracy. Jones, 935 F.3d at 273.  Specifically, while the RICO conspiracy included a conspiracy to distribute controlled substances, it also included conspiracies to commit murder, aggravated battery, use of stolen vehicles, and other criminal conduct.  Id.  In that case, the court concluded that a reasonable probability existed that the jury would not have convicted the defendants on the § 924(c) charges but for the invalid predicate offense of the RICO conspiracy.  Id. at 274.  The erroneous instruction was not harmless.

On the other hand, when the valid and invalid predicate offenses are coextensive, a reasonable probability does not exist that the jury convicted based only on the invalid offense. United States v. Steward, 793 F. App'x 188, 190 (4th Cir. 2019); United States v. Walker, 789 F. App'x 241, 244-45 (2d Cir.

11

2019); United States v. Vasquez, 672 F. App'x 575, 578 (2d Cir. 2016); United States v. Black, 2020 WL 1445606, at *6 (N.D. Ill. Mar. 25, 2020); United States v. Francies, 2019 WL 4120444, at *7 (N.D. Ill. Aug. 28, 2019). Under those circumstances, the erroneous instruction was harmless.

In Black, the petitioner was convicted of crimes related to a "drug conspiracy and extortion scheme facilitated by rogue Chicago police officers," including two convictions under § 924(c). Black, 2020 WL 1445606, at *1 (internal quotation marks omitted). He sought habeas corpus relief under § 2255 as to one of the § 924(c) convictions on the ground that one of the predicate offenses in the jury instructions was conspiracy to commit Hobbs Act robbery and extortion, which was invalid in light of Davis. The government agreed that Hobbs Act conspiracy was an invalid predicate offense but argued that the instruction was harmless error because the petitioner was also convicted of a drug-trafficking conspiracy, which was a valid predicate. Black, 2020 WL 1445606, at *2. The court concluded that the drug-trafficking conspiracy and the Hobbs Act conspiracy convictions were based on the same evidence and that the jury would have convicted on the § 924(c) charge even if the invalid predicate had been omitted. Id. at *6.

12

When the evidence shows that firearms were used to commit a Hobbs Act robbery and there is no evidence that the Hobbs Act conspiracy included any additional use of firearms or other criminal activity, the conspiracy is "inextricably intertwined with, and in furtherance of, the substantive Hobbs Act robbery." Johnson v. United States, 2019 WL 1790218, at *6 (C.D. Calif. Apr. 23, 2019).  If the jury convicted the petitioner of the Hobbs Act robbery, it does not make sense that the jury could find the petitioner used a firearm in the conspiracy but not the robbery.  Id.  Further, strong evidence of the petitioner's involvement in the robbery itself supports a conclusion that the Hobbs Act robbery was the predicate offense found by the jury. Id.  In those circumstances, an erroneous jury instruction that included conspiracy as a predicate offense was harmless error. Id. at 7.

To find Durfee guilty on the § 924(c) charge, the jury had to find that Durfee knowingly used or carried a firearm during the predicate crime of violence.  The evidence at trial was that Durfee and Subocz carried guns during the Vista Foods robbery and used them to threaten the manager of the store in order to get him to open the safe.  The evidence in support of the robbery charge was strong.  LiCausi, 167 F.3d at 47.

13

Durfee argues that the evidence of his possession of a firearm during the conspiracy and during the robbery were separate and distinct activities with a long break between them. Durfee does not provide citations to the record to support his theory. Instead, as described by the First Circuit, the conspiracy and the robbery involved the same actors and actions.

Subocz "cased" the Vista Foods supermarket and then got Durfee involved. LiCausi, 167 F.3d at 42. Durfee and Subocz carried guns that other members of the group had obtained previously. Durfee has not shown there was evidence at trial that Durfee used that gun or any other gun or engaged in other activity in furtherance of the Vista Foods robbery conspiracy that was separate from the robbery itself. Id. For that reason, the Hobbs Act robbery of the Vista Foods supermarket was the likely predicate offense, and the jury could not have found that conspiracy alone was the predicate offense for Count 8.

Therefore, the erroneous jury instruction on Count 8 was harmless and does not provide grounds for § 2255 relief.

D. Market Basket – Count 15

Durfee argues that his § 924(c) conviction on Count 15 must be vacated because it too was based on both a conspiracy predicate offense and a substantive offense. The record, however, does not support Durfee's claim.

14

Durfee was charged with both conspiracy to rob the Market Basket supermarket in Manchester, Count 13, and attempted Hobbs Act robbery of the supermarket, Count 14. The conspiracy charge, Count 13, was dismissed before trial. The jury was not instructed that conspiracy, as charged in Count 13, was a crime of violence that could be a predicate offense for the § 924(c) charge in Count 15. Instead, the only predicate offense in the jury instructions was Count 14, attempted Hobbs Act robbery.[7]

Therefore, no error occurred.

### E. Relief Based on Co-Defendant

Durfee also contends that his convictions and sentences under § 924(c) should be vacated because a co-defendant, John LiCausi, obtained § 2255 relief from his § 924(c) convictions and sentences. He concedes that LiCausi was charged with and convicted of different crimes and raised different grounds for relief in his § 2255 proceeding. He argues, nevertheless, that it would be unfair for him to be denied relief when LiCausi was granted relief.

Durfee has not provided persuasive grounds to show that he is entitled to relief simply because his co-defendant was resentenced.

---

[7] Durfee does not challenge Count 14 as a valid predicate offense for Count 15.

15

F.   Certificate of Appealability

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

In this case, the parties agree that the jury instruction on Count 8 included a potential predicate offense that no longer qualifies as such under Davis.  That constitutes a constitutional error that triggers a harmless error review. Because the First Circuit has not addressed that analysis and few courts have, Durfee has made a substantial showing of the denial of a constitutional right to support issuing a certificate of appealability.

## Conclusion

For the foregoing reasons, Durfee's amended motion for relief under § 2255 (document no. 8) is denied.

The court issues a certificate of appealability as to whether the jury instruction on Count 8 violated Durfee's right not to be convicted based on an unconstitutionally vague law,

16

§ 924(c)(3)(B), as determined by United States v. Davis, 139 S. Ct. 2319 (2019).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 20, 2020

cc:  Counsel of Record.