14-2494-cr(L)
United States v. Vasquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT:   ROBERT A. KATZMANN,
                          *Chief Judge*,
               RALPH K. WINTER,
               REENA RAGGI,
                          *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                          *Appellee*,

               v.                                                    Nos.   14-2494-cr(L)
                                                                                  14-3630-cr(Con)

EMILIANO VASQUEZ, AKA "Patalarga," and ALEJO POLANCO, AKA "Hondo,"
                          *Defendants-Appellants*,[*]

CARMELO DANILO ARAUJO, EDWIN TAVARES, AKA "Chegui," and GILBERTO ARIAS, AKA "Troy,"
                          *Defendants*.

------------------------------------------------------------------

FOR APPELLANT EMILIANO          Donna R. Newman, Law Offices of Donna R.
VASQUEZ:                                   Newman, PA, New York, New York; Clara
                                                 Kalhous, Esq. New York, New York.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

FOR APPELLANT ALEJO POLANCO:

Ephraim Savitt, Esq., New York, New York.

FOR APPELLEE:

Nathan D. Reilly, Soumya Dayananda, and David C. James, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on July 7, 2014 and September 17, 2014 are AFFIRMED.

Defendants Emiliano Vasquez and Alejo Polanco were convicted after a jury trial of conspiracy to distribute and possess with intent to distribute heroin, cocaine, and marijuana, see 21 U.S.C. §§ 841, 846; conspiracy to commit Hobbs Act robbery, see 18 U.S.C. § 1951(a); discharge of a firearm in relation to a drug trafficking crime or a crime of violence, see id. § 924(c)(1)(A), and causing death through the use of a firearm, see id. § 924(j)(1). Vasquez challenges his convictions on the grounds that (1) the district court should have deemed him incompetent to stand trial, or held a second competency hearing; (2) his firearms-related offenses were not reasonably foreseeable consequences of the robbery and narcotics conspiracies; and (3) it cannot be determined whether his firearms offenses validly rested on any "crime of violence" or "drug trafficking crime." Polanco's counsel moves to be relieved under Anders v. California, 386 U.S. 738 (1967), and the government moves for summary affirmance of Polanco's conviction. We

2

assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to grant <u>Anders</u> relief to Polanco's counsel and to affirm the convictions of both defendants.

1.    <u>Emiliano Vasquez</u>

     a.    <u>Competency</u>

Vasquez faults Judge Townes's finding, made after an evidentiary hearing, that he was competent to stand trial and Judge Dearie's failure <u>sua sponte</u> to order a new hearing after the case was reassigned to him.

To find a defendant competent to stand trial, a district court must make a preponderance finding that the defendant has "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'"    <u>United States v. Morrison</u>, 153 F.3d 34, 46 (2d Cir. 1998) (quoting <u>United States v. Nichols</u>, 56 F.3d 403, 410 (2d Cir. 1995)).    The determination may rest on both medical evidence and the court's own observations of the defendant.    <u>See</u> <u>United States v. Nichols</u>, 56 F.3d at 411. Where, as here, counsel makes no motion for a new competency hearing, the district court must nonetheless "be alert" to changes in the defendant's competency, <u>Drope v. Missouri</u>, 420 U.S. 162, 181 (1975), and order a new hearing <u>sua sponte</u> "if there is reasonable cause to believe" that such status has changed, 18 U.S.C. § 4241(a).    We review the district court's competency finding for clear error, <u>see</u> <u>United States v. Morrison</u>, 153 F.3d at 46, and the failure to order a new hearing for abuse of discretion,

3

see United States v. Arenburg, 605 F.3d 164, 168–69 (2d Cir. 2010).   We identify neither here.

Judge Townes's competency finding was made after conducting a hearing to explore the inconsistent opinions of government and defense psychologists.   Judge Townes's decisions to credit the findings and opinion of the government expert, and not to rely on those of the defense expert, were not clearly erroneous given record evidence that the defense expert lacked formal or institutional training in forensic psychology; deemed 85–90% of all persons he examined incompetent to stand trial; had employed an excessively exacting competency standard; and had been criticized by several state and federal courts for prior competency examinations.   See, e.g., United States v. Gigante, 166 F.3d 75, 84 (2d Cir. 1999) (describing competency review as "highly deferential," and observing that choice between "two permissible views of the evidence" does not manifest clear error (internal quotation marks omitted)).   To the extent Vasquez urges a different standard for assessing a defendant's competency than is presently recognized in our precedents, this panel is bound by that precedent unless it is reversed by this court en banc or by an intervening contrary ruling by the Supreme Court.   See Centurion v. Holder, 755 F.3d 115, 123 (2d Cir. 2014).

We further conclude that Judge Dearie did not abuse his discretion in failing sua sponte to order a new competency hearing.   The record here shows Vasquez stating that he fully understood the charges against him and both he and his counsel professing to the district court their ability to communicate effectively with one another.   At sentencing, Judge Dearie acknowledged his awareness of Vasquez's mental health issues, but stated

that such issues did not give rise to competency concerns because Vasquez was "entirely cogent." App'x 1733. On this record, the district court would not have cause to believe that Vasquez's competency had deteriorated since Judge Townes had found him fit for trial.

In urging otherwise, Vasquez highlights his refusal to plead guilty to firearms violations under a Pinkerton theory of liability, and his disagreements with four attorneys. The district court was alert to such issues. Indeed, it specifically found that Vasquez's difficulty dealing with counsel was a function of his personality, not his competency. It further found his plea decision to reflect not incompetency but a strong, if mistaken, belief that he was less responsible for the loss of life in the robbery because he was "separat[ed] from the more violent ends of the[] conspiracies," App'x 1733. Thus, neither Vasquez's plea decision nor his relations with counsel manifest the district court's abuse of discretion in not sua sponte ordering a new competency hearing. Compare, e.g., United States v. Kerr, 752 F.3d 206, 217 (2d Cir. 2014) (holding that district court did not abuse discretion in declining to order new competency hearing based on defendant's "obstinate, belligerent, and obsessive behavior," "obsession with his [own] theories of defense," "distrust of his attorneys," or desire to represent himself at trial), with United States v. Auen, 846 F.2d 872, 875, 878 (2d Cir. 1988) (declining to order competency hearing constituted abuse of discretion where defendant consistently gave incomprehensible responses to court inquiries and claimed to be victim of "psychopolitical terrorism by the Internal Revenue Service"), and United States v.

5

Arenburg, 605 F.3d at 168 (same, where defendant's trial strategy involved cross-examining witnesses on "microwave channels broadcasting his thoughts").

Accordingly, Vasquez's competency challenges fail on the merits.

b.    Reasonable Foreseeability

Vasquez argues that the evidence was insufficient to support his 18 U.S.C. § 924(c) and (j) convictions premised on Polanco's discharge of a firearm during the charged narcotics and robbery conspiracies and the resultant death of Liliana Colmenares. We review a sufficiency challenge "de novo, viewing the evidence in the light most favorable to the government, with all reasonable inferences drawn in its favor." United States v. Rowland, 826 F.3d 100, 107 (2d Cir. 2016) (internal quotation marks omitted).

A defendant may be guilty of a crime committed by a co-conspirator "in furtherance of the conspiracy" if it is "reasonably foreseeable to the defendant as a consequence of their criminal agreement." United States v. Parkes, 497 F.3d 220, 232 (2d Cir. 2007) (citing Pinkerton v. United States, 328 U.S. 640 (1946) (internal quotation marks omitted)). "Whether a particular substantive crime is foreseeable and in furtherance of the conspiracy is a question of fact to be decided by the jury." United States v. Masotto, 73 F.3d 1233, 1241 (2d Cir. 1996).

Vasquez argues that the jury could not find foreseeability proved in the absence of evidence of an agreement that "weapons would be discharged" during the conspiracy, and in light of Polanco's statements to his co-conspirators that Liliana Colmenares's death was an "accident." Def.'s Br. 47–48. The argument fails because Pinkerton liability extends not only to co-conspirators' desired results, but to all reasonably

6

foreseeable results in furtherance of the conspiracy. Here, the jury could reasonably have concluded that even an unintended shooting death was a "natural," and therefore, foreseeable "consequence of a robbery . . . premised on the use of overmastering force and violent armed confrontation." United States v. Parkes, 497 F.3d at 232. The trial evidence showed that Vasquez's co-conspirators always carried firearms during their prior robberies and knew that they were robbing drug dealers, who might well be armed. The discharge of a firearm and ensuing death are reasonably foreseeable consequences of such criminal activity. See id. (upholding Pinkerton liability for death despite defendants' expectation that armed robbery would be "easy"). No different conclusion is warranted by the fact that, as a getaway driver, Vasquez was not in the room when the discharge of the firearm or the death occurred, see United States v. Heras, 609 F.3d 101, 110 (2d Cir. 2010). In sum, the evidence was sufficient to support the foreseeability finding necessary for Vasquez's convictions under 18 U.S.C. § 924(c) and (j).

      c.      "Crime of Violence" or "Drug Trafficking Crime" Predicate

Vasquez further challenges his § 924 convictions on the ground that the general verdict form fails to show whether guilt was premised on (1) firearms use "during and in relation to" the charged narcotics conspiracy (a "drug trafficking crime") or (2) the charged Hobbs Act robbery conspiracy. He argues that Hobbs Act robbery is not a predicate "crime of violence" under the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015),[1] raising a Yates concern. See United States v. Agrawal,

---

[1] While this court specifically rejected a Johnson challenge to Hobbs Act robbery in United States v. Hill, 832 F.3d 135, 138 (2d Cir. 2016), the mandate has not yet issued.

7

726 F.3d 235, 250 (2d Cir. 2013) (noting that general verdict of guilty may manifest legal error under Yates v. United States, 354 U.S. 298 (1957), where (1) "disjunctive theories of culpability" were submitted to jury, (2) it is "impossible to tell which ground the jury selected," and (3) "[one] of the theories was legally insufficient" (alteration in original)).

Whether we review this argument based on intervening law for plain error, see United States v. Marcus, 560 U.S. 258, 262 (2010) (requiring showing of (1) error; (2) that is clear and obvious; (3) affecting "substantial rights"; and (4) seriously impugning "fairness, integrity, or public reputation of judicial proceedings"), or modified plain error, see United States v. Viola, 35 F.3d 37, 42 (2d Cir. 1990) (placing burden on government to show absence of prejudice when applicable law is clarified after trial), abrogated on other grounds by Salinas v. United States, 522 U.S. 52 (1997), it necessarily fails for lack of any error.

Even if Hobbs Act robbery were not a categorical crime of violence, Vasquez's § 924 convictions are clearly supported by a narcotics predicate presenting no legal concern. That is because the sole Pinkerton theory supporting Vasquez's § 924 convictions is that co-conspirator Polanco fatally discharged a firearm in furtherance of an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds. Thus, there was no possibility that the jury's § 924(c) verdict rested only on a Hobbs Act robbery predicate because (1) the robbery was an act inextricably intertwined with and, indeed, in furtherance of the charged narcotics conspiracy, and (2) the jury found that narcotics conspiracy proved beyond a reasonable doubt. In these circumstances, where a challenged § 924 verdict undoubtedly rests on a valid

8

drug-trafficking predicate, no Yates concern arises from a possible defect in a related "crime of violence" predicate. See United States v. Zvi, 168 F.3d 49, 55–56 (2d Cir. 1999) (rejecting Yates challenge where time-barred money-laundering predicate implicitly required finding of valid wire-fraud predicate); see also United States v. Coppola, 671 F.3d 220, 237–38 (2d Cir. 2012) (holding any Yates error harmless where predicates rested on same extortive acts of which jury found defendants guilty).

To the extent Vasquez hypothesizes a way in which the firearms discharge and resulting murder could have related to the robbery, but not the narcotics conspiracy, he points to nothing in the record showing that such distinct theories were ever advanced at trial. Rather, the record shows only, as earlier noted, that the robbery scheme was presented as a part of the proved narcotics scheme. Accordingly, we affirm Vasquez's § 924(c) and (j) convictions based on the narcotics trafficking predicate without needing to decide if they could also rest on the robbery predicate.

2.     Alejo Polanco

Polanco's court-appointed counsel does not challenge his conviction but, rather, moves to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967) (allowing counsel to ask for permission to withdraw if convinced, after conscientious investigation, that appeal is frivolous). The government, in turn, moves for summary affirmance.

"We will not grant an Anders motion unless we are satisfied that counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal, and defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." United States v. Whitley, 503 F.3d 74, 76 (2d Cir. 2007) (internal

9

quotation marks omitted)). Assessing the potential merit of an appeal is the role of counsel, and this court ordinarily will not "independently determine the merits of an appeal[] absent a properly prepared Anders brief." United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 1993). Here, Polanco's counsel did aver that he had searched the record for any arguments available on appeal, but did not, like counsel for his co-defendant, supplement the record in light of Johnson v. United States, 135 S. Ct. 2551 (2015). To the extent such an argument is even "arguably meritorious," it was counsel's duty either to supplement the Anders motion or to join in briefing filed on behalf of Vasquez. We do not lightly excuse such an omission but, in the particular circumstances presented here, we are able "independently [to] determine the merits of [the] appeal" without further briefing on this issue. See United States v. Burnett, 989 F.2d at 104.

First, Polanco and Vasquez were convicted, after a joint trial, of the same offenses. Polanco, however, cannot pursue the first two challenges raised by Vasquez because (1) his competency was never at issue, and (2) his § 924 liability was not premised on Pinkerton, but on his role as the actual shooter. Second, while Polanco's counsel failed to raise any Johnson argument akin to that advanced by Vasquez's counsel, such an argument would fail for the reason just discussed: that is, both defendants' § 924 convictions are supported by a proved narcotics conspiracy predicate that is inextricably intertwined with the Hobbs Act robbery predicate but without the latter's possible Johnson issue.

10

Third, counsel's discussion of the substantive and procedural reasonableness of Polanco's sentence, see United States v. Whitley, 503 F.3d at 77, while brief, was adequate. As to procedural reasonableness, Polanco's killing of Liliana Colmenares made him statutorily eligible for a life sentence. See 18 U.S.C. § 924(j). The district court noted that the § 924(j) conviction generated a total offense level of 44, see U.S.S.G. § 2A1.1, App. A, elevating Polanco's Guidelines sentencing range to life imprisonment, see 2013 U.S.S.G. Manual Ch. 5 Pt. A, Sentencing Table, which sentence the government urged. As to substantive reasonableness, the district court sentenced Polanco to a below-Guidelines 27-year prison term, finding that Polanco had not intended to kill Colmenares, and appeared "contrite" and "haunted" by her death, see August 20, 2014 Sentencing Transcript, at 16:23, 17:4–6. In general, a below-Guidelines sentence is strong evidence that a sentence is not substantively unreasonable, see United States v. Messina, 806 F.3d 55, 66 (2d Cir. 2015), and Polanco has no colorable argument here that the 27-year sentence was outside the broad range of discretion afforded sentencing judges, see United States v. Cavera, 550 F.3d 180, 188–89 (2d Cir. 2008) (en banc); United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). No other non-frivolous issues are apparent.

Finally, the record demonstrates that counsel provided Vasquez with a copy of his motion and accompanying brief, and wrote to Polanco, even before filing his brief, to explain its consequences and to clarify that Polanco had a right to pursue his appeal pro se or to seek new counsel. Counsel directed Polanco to obtain the assistance of a bilingual inmate in reviewing the message, and thereafter, Polanco confirmed that he

11

understood the message and was consenting to counsel's withdrawal. While counsel was also required to append to his brief a transcript of the district court proceedings, see United States Court of Appeals for the Second Circuit, How to File an Anders Brief, http://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/pdf/Anders%20brief%20instructions%20and%20checklist%20combined%2010-11.pdf, his failure to do so does not here require denial of the motion because copies of the relevant transcripts were available through Vasquez's appeal and the district court's docket.

Accordingly, as to Polanco, we grant counsel's Anders motion to withdraw and the government's motion for summary affirmance.

3.    Conclusion

We have considered Vasquez's remaining arguments and conclude that they are without merit. Accordingly, the Anders motion of Polanco's counsel is GRANTED and the judgments of conviction as to both Polanco and Vasquez are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court