21-957-cr
*U.S. v. Viera*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-two.

PRESENT:  GUIDO CALABRESI,
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                        21-957-cr

v.

WIGBERTO VIERA, AKA ROBERTO, AKA WIZ,

*Defendant-Appellant,*

LOUIE SANTIAGO, AKA LIONEL, AKA "L", AKA LEONEL, ERNESTO COLON, EDUARDO DEJESUS, EVA FIGUEROA,

*Defendants.*

---

**FOR DEFENDANT-APPELLANT:**          VIVIAN SHEVITZ, South Salem, NY.

**FOR APPELLEES:**          BRANDON D. HARPER (David Abramowicz, *on the brief*), Assistant United

1

States Attorneys, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Defendant Wigberto Viera ("Viera") was convicted at trial of: (1) conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); (2) conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951; and (3) possession of a firearm during a crime of violence or narcotics trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). The case against him was based largely on a "reverse sting" operation in which law enforcement worked with a cooperating witness and led Viera to believe he was engaging in an armed robbery to steal cocaine and heroin from drug dealers. Viera was arrested when he arrived near the appointed time and place to conduct the robbery. Viera was convicted at trial on all counts and sentenced to 15 years' imprisonment. As is relevant to Viera's appeal, the jury was instructed that either Count 1 (the narcotics conspiracy), or Count 2 (the Hobbs Act robbery conspiracy), or both, could serve as predicate offenses for Count 3 (the firearm possession). Supp. App'x 91. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

I.        *Yates* Claim

Under *Yates v. United States*, 354 U.S. 298 (1957), *overruled in part on other grounds by Burks v. United States*, 437 U.S. 1 (1978), a "concern arises where disjunctive theories of culpability are submitted to a jury that returns a general verdict of guilty, and one of the theories was legally insufficient. In such circumstances, 'it is impossible to tell which ground the jury selected,' the legally sufficient ground or the insufficient one." *United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (quoting *Yates*, 354 U.S. at 312) (citation, some internal quotation marks, and brackets omitted). As the Government acknowledges, following *United States v. Davis*, 139 S. Ct. 2319 (2019), Count 2 was not a valid predicate offense for Viera's conviction under Count 3. *See United States v. Barrett*, 937 F.3d 126, 129-30 (2d Cir. 2019). Viera therefore argues that we should set aside his conviction on Count 3.

We review an unpreserved *Yates* claim such as Viera's for plain error. *United States v. Skelly*, 442 F.3d 94, 99 (2d Cir. 2006). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights," and we upset the verdict only where "the error seriously affects the fairness,

integrity, or public perception of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks and brackets omitted). The burden falls on the defendant to establish the elements of plain error. *United States v. Eldridge*, 2 F.4th 27, 37 (2d Cir. 2021).[1]

As we have explained, no prejudicial *Yates* error arises in a situation where the jury "would have returned a guilty verdict on [a § 924(c) charge] even if it had been instructed" only to consider valid predicate offenses under § 924(c). *Id.* at 39; *see United States v. Vasquez*, 672 F. App'x 56 (2d Cir. 2016) (summary order) (rejecting a *Yates* challenge where valid narcotics conspiracy and invalid Hobbs Act robbery conspiracy predicate offenses for a § 924(c) charge were "inextricably intertwined"); *see also United States v. Coppola*, 671 F.3d 220, 237 (2d Cir. 2012) (rejecting a *Yates* challenge where, if a jury were to conclude that the defendant was guilty on an invalid ground "the jury necessarily would have had to conclude" that the defendant was also guilty on a valid ground).

Here, the District Court concluded that "the drug trafficking charge [wa]s inextricably intertwined with the Hobbs Act charge, as the entire purpose of the Hobbs Act conspiracy was to distribute narcotics." Supp. App'x 116. This was not error, much less plain error. *See United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (explaining that where "the goal of the robbery conspiracy [is] to obtain narcotics to distribute, the robbery conspiracy [is] itself an integral part of the narcotics conspiracy" such that the two would be "inextricably intertwined" (citation omitted)). Therefore, Viera's *Yates* challenge fails.

On appeal, Viera argues that this case is governed by *United States v. Heyward*, 3 F.4th 75 (2d Cir. 2021). We do not agree. In *Heyward*, we vacated a conviction under § 924(c), concluding that we were "left with a distinct uncertainty" over whether the jury had based its conviction on valid or invalid predicate offenses under *Davis. Id.* at 85. But it is enough to distinguish *Heyward* that there were clear indicia in that case that the jury viewed the valid § 924(c) predicate (a narcotics conspiracy) as distinct from the invalid § 924(c) predicate (a racketeering conspiracy). For example, the jury in that case specifically indicated on a special verdict form that a gun supporting the defendant's § 924(c) possession charge had been discharged in furtherance of the racketeering conspiracy, and *not* in furtherance of the narcotics conspiracy. *Id.* at 79-80.

---

[1] *Davis* was not decided until after Viera's trial, and he filed a post-trial motion based on *Davis* prior to sentencing, which the District Court denied. Record on Appeal, Doc. Nos. 185, 214. Viera therefore urges that a "modified" plain error analysis applies. *See* Appellant's Br. 36; *United States v. Viola*, 35 F.3d 37, 43 (2d Cir. 1994) (applying "modified" plain error review to an unpreserved argument based on a supervening change in precedent, shifting the burden to the government to rebut an effect on defendant's substantial rights). But as we have recently recognized, the rule we adopted in *Viola* has been abrogated. *Eldridge*, 2 F.4th at 37; *see Johnson v. United States*, 520 U.S. 461, 467 (1997) (applying normal plain error review when considering an error resulting from a supervening change in law). We therefore conduct a "normal" plain analysis here.

In sum, the District Court correctly rejected Viera's *Yates* challenge and denied his August 29, 2019 motion.

## II.    The Reverse Sting

Viera advances two additional arguments on appeal, both of which are essentially challenges to the sort of sting operation used by law enforcement against him.

First, he argues that the sting induced him to commit violence he was otherwise uninclined to commit, and it was therefore "outrageous" and violative of due process. *See* Appellant's Br. 5, 11 (citing *Hampton v. United States,* 425 U.S. 484, 489 (1976)). But the outrageous conduct analysis "cannot depend on the degree to which the government action was responsible for inducing the defendant to break the law." *United States v. Cromitie*, 727 F.3d 194, 218 (2d Cir. 2013). The Government's employment of a basic reverse-sting operation here was not wrongful, much less "outrageous." *See United States v. Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011) ("[T]o be 'outrageous,' the government's involvement in a crime must involve either coercion or a violation of the defendant's person.").

Second, Viera argues that the District Court erred based on the quantities of narcotics used to calculate his sentence. Viera suggests that the Government committed "sentencing manipulation" by setting him up to steal and sell a quantity of drugs designed to trigger a mandatory minimum sentence. *See* Appellant's Br. at 45–46. None of our cases has recognized "sentencing manipulation," and we have additionally noted that even if we were to do so, it would "require a showing of outrageous misconduct," which Viera has not made. *See Cromitie*, 727 F.3d at 226 (internal quotation marks omitted).

## CONCLUSION

We have reviewed all of the remaining arguments raised by Viera on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the April 8, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4