*DeMartino v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of July, two thousand twenty-two.

PRESENT: Dennis Jacobs,
Richard C. Wesley,
Steven J. Menashi,
*Circuit Judges.*

_____

VINCENT DEMARTINO,

  *Petitioner-Appellant,*

  v.                                                              No. 20-1758

UNITED STATES OF AMERICA,

  *Respondent-Appellee.*

_____

*For Petitioner-Appellant*: Benjamin Yaster (Barry D. Leiwant, *on the brief*), Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

*For Respondent-Appellee*: David C. James (Oren Gleich, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial, Plaintiff-Appellant Vincent DeMartino was convicted of (1) conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) and New York Penal Law §§ 125.25(1) and 105.05 (Count One); (2) assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 and New York Penal Law §§ 120.05(2) and 20.00 (Count Two); and (3) using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Three). The jury was instructed that the § 924(c) charge could be predicated on either Count One or

2

Count Two, and the jury found him guilty on all three counts using a general verdict form. In 2016, DeMartino filed a petition for habeas corpus under 28 U.S.C. § 2255, contending that his § 924(c) conviction and its accompanying sentence were unlawful. The district court denied the petition. On appeal, DeMartino argues that his § 924(c) conviction was unlawful because (1) it was possibly predicated on conspiracy to commit murder, an offense that no longer qualifies as a crime of violence, and (2) even if it were necessarily predicated on assault with a dangerous weapon, that offense does not qualify as a crime of violence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

Vincent DeMartino was convicted following a two-week jury trial in 2004. The government established that DeMartino shot and attempted to murder Joseph Campanella, who survived and testified at the trial. DeMartino was found guilty on three counts: conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) and New York Penal Law §§ 125.25(1) and 105.05 (Count One); assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and 2 and New York Penal Law §§ 120.05(2) and 20.00 (Count

3

Two); and using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Three). The district court instructed the jury that both Count One and Count Two were crimes of violence such that the jury could rely on either or both as the predicate crime of violence to convict DeMartino of Count Three. However, the general verdict of guilty on Count Three did not specify the predicate offense. DeMartino was sentenced to ten years' imprisonment for Count One, fifteen years' imprisonment for Count Two to run concurrently with Count One, and ten years' imprisonment on Count Three to run consecutively to the other counts. *Id*. DeMartino is currently serving the remainder of his sentence under Count Three.

In 2016, DeMartino filed a petition for habeas corpus under § 2255, arguing that his Count Three conviction under § 924(c) must be vacated because of *Johnson v. United States*, 576 U.S. 591 (2015), which held that 18 U.S.C. § 924(e)(2)(B)(ii), a provision similar to the residual clause of § 924(c), was unconstitutionally vague. The petition was supplemented in 2019 following *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019), which applied the same reasoning to § 924(c). In light of these decisions, DeMartino argued, conspiracy to commit murder in aid of racketeering could not qualify as a

4

crime of violence and therefore the jury instructions were erroneous. In addition, DeMartino argued that even if the § 924(c) conviction could be found to rest on the assault conviction, that offense also does not qualify as a crime of violence.

**II**

Under 28 U.S.C. § 2255, a prisoner may petition the district court to "vacate, set aside or correct" a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, ... [the sentencing] court was without jurisdiction to impose such sentence, ... the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." We review *de novo* a district court's denial of a § 2255 petition. *Al-'Owhali v. United States*, No. 20-3174, 2022 WL 2057539, at *3 (2d Cir. June 8, 2022).

On appeal, DeMartino argues that the jury was impermissibly allowed to convict him of the Count Three § 924(c) charge based on a finding that he used a firearm in connection with a murder conspiracy offense because murder conspiracy is not a "crime of violence" within the meaning of § 924(c). DeMartino urges this court to use the categorical approach in evaluating the district court's instructional error. He also contends that his conviction and sentence under § 924(c) should be vacated even if it was premised on the Count Two assault

5

charge because that offense also does not qualify as a crime of violence. We address each argument in turn.

## A

Our recent decision in *Stone v. United States* resolves DeMartino's primary argument. No. 20-1778, 2022 WL 2203612 (2d Cir. June 21, 2022).[1] In *Stone*, we held that a § 924(c) conviction which relied on one or both of two predicate offenses, where one of the offenses had subsequently been held to be an invalid predicate, would not be vacated unless the petitioner was prejudiced by the erroneous jury instruction. 2022 WL 2203612, at *4. We considered and rejected the argument that we should apply the categorical approach to harmless error analysis. Instead, we followed our usual test: whether a rational jury, absent the error, would have arrived at the same verdict. *Id.* at *5.[2] To determine whether the jury would have

---

[1] Stone was indicted for conspiracy to commit murder, second degree murder, and a § 924(c) offense. As with DeMartino, the jury was instructed that it could rely on either or both of the first two counts as the predicate crime of violence necessary to convict the defendant of a violation of § 924(c). The jury found Stone guilty on all three counts. Stone petitioned for habeas corpus under 28 U.S.C § 2255, arguing that his § 924(c) conviction relied on an invalid predicate following *Johnson* and *Davis*.

[2] *See also Skilling v. United States*, 561 U.S. 358, 414 (2010); *Hedgpeth v. Pulido*, 555 U.S. 57, 60 (2008); *United States v. Eldridge*, 2 F.4th 27, 39 (2d Cir. 2021); *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016).

returned a guilty verdict if it had been instructed to rely only on Count Two as a predicate for the § 924(c) charge, we review the whole record. 2022 WL 2203612, at *5. In a collateral proceeding such as this one, the habeas petitioner bears the burden of establishing prejudice. *Davis v. Ayala*, 576 U.S. 257, 267 (2015).

We conclude that the jury instruction permitting reliance on the invalidated predicate amounted to harmless error because the jury found facts "satisfying the essential elements of guilt" on the predicate "that would [have] sustain[ed] a lawful conviction" on the firearm offense, namely assault with a deadly weapon in aid of racketeering. *Stone*, 2022 WL 2203612, at *5 (quoting *United States v. Laurent*, 33 F.4th 63, 86 (2d Cir. 2022)). As in *Stone*, the jury was instructed on the predicate offense of Count Two assault with a deadly weapon and returned a guilty verdict. The district court charged the jury in connection with Count Two that "[a] gun is a dangerous weapon" and did not identify any other deadly weapon. App'x 70. The same evidence presented as proof that DeMartino committed assault with a deadly weapon also established that DeMartino used a firearm in relation to a crime of violence. As the government argues, no rational jury could convict DeMartino of assault with a dangerous weapon without finding that he used, carried, and discharged the firearm in furtherance of this assault. We

7

are therefore convinced that the jury, if properly instructed on Count Three, would have reached the same verdict: finding beyond a reasonable doubt that DeMartino "intentionally used and carried a firearm during and in relation to a crime of violence … and, in furtherance of such crime[] of violence knowingly and intentionally possessed said firearm, which firearm was discharged." App'x 38.

DeMartino was not prejudiced by the erroneous jury instruction that conspiracy to murder in aid of racketeering qualified as a crime of violence—given his conviction of assault with a deadly weapon in aid of racketeering and uncontroverted evidence that he used a gun to commit that crime.

**B**

DeMartino argues that his § 924(c) conviction should be vacated even if it had been predicated only on his Count Two conviction for assault with a deadly weapon in aid of racketeering. Assault with a deadly weapon as charged in Count Two is a crime of violence. *See United States v. Tabb*, 949 F.3d 81, 83-85 (2d Cir. 2020); *see also United States v. White*, 7 F.4th 90, 104 & n.75 (2d Cir. 2021). DeMartino contends, however, that because aiding and abetting an assault with a deadly weapon would not be a crime of violence, and because aiding and abetting would suffice for a § 1959(a)(3) conviction, then § 1959(a)(3) is not categorically a crime of

8

violence. As DeMartino concedes, this court categorized aiding and abetting assault with a deadly weapon as a crime of violence in *United States v. McCoy*, 995 F.3d 32, 58 (2d Cir. 2021). *Tabb* and *McCoy* compel the conclusion that the Count Two assault with a deadly weapon charge is a crime of violence.

* * *

We have considered DeMartino's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court