21-426-pr
*Marmolejos v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.**

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

Thomas Marmolejos,

> *Petitioner-Appellant*,

v.                                                                                          21-426-pr

United States of America,

> *Respondent-Appellee*.

_____

FOR PETITIONER-APPELLANT:        Thomas Marmolejos, *pro se*, Otisville, NY.

FOR RESPONDENT-APPELLEE:        Kiersten A. Fletcher, David Abromowicz, Assistant United States Attorneys, of counsel, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Denny Chin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 15, 2021 order of the district court is **AFFIRMED.**

Petitioner Thomas Marmolejos, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions for firearm offenses under 18 U.S.C. § 924(c) and (j) and the consecutive life and ten-year sentences imposed for those crimes.[1]   Marmolejos was also convicted of Hobbs Act robbery conspiracy, conspiracy to commit murder-for-hire, substantive murder-for-hire, and narcotics conspiracy, for some of which he is also serving life sentences.   The jury had been charged that the first three of those offenses were "crime[s] of violence" under Section 924(c) and that the narcotics conspiracy was a "drug trafficking crime" under Section 924(c).   The jury was not asked, however, to indicate on the verdict sheet which of those predicate offenses it had relied upon for the Section 924(c) and (j) firearm convictions.

A panel of this Court granted a certificate of appealability on the following issue:   whether Marmolejos's Section 924(c) and (j) convictions are invalid when the trial record allowed for conviction on at least one valid predicate offense and on offenses which are no longer valid predicate offenses after the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues

---

[1]   Section 924(c)(1)(A) mandates a minimum sentence of ten years for discharging a firearm "during and in relation to any crime of violence or drug trafficking crime."   18 U.S.C. § 924(c)(1)(A).   Section 924(j)(1) authorizes a life sentence for murder through the use of a firearm in the course of a Section 924(c) offense.   18 U.S.C. § 924(j)(1).

on appeal, which we reference only as necessary to explain our decision to affirm.[2]

Under 28 U.S.C. § 2255, "[p]risoners may seek collateral review of a federal conviction or sentence that was 'imposed in violation of the Constitution or laws of the United States.'" *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting 28 U.S.C. § 2255(a)). On appeal from a denial of relief under Section 2255, we review findings of fact for clear error and conclusions of law *de novo*. *Savoca v. United States*, 21 F.4th 225, 231–32 (2d Cir. 2021).

After Marmolejos's sentencing, the Supreme Court held in *Davis* that a portion of Section 924(c)'s definition of a "crime of violence" was unconstitutionally vague. 139 S. Ct. at 2336. In light of that decision, we have subsequently held that Hobbs Act robbery conspiracy and murder-for-hire conspiracy are no longer valid "crime of violence" predicates for Section 924(c). *See United States v. Barrett*, 937 F.3d 126, 127–28 (2d Cir. 2019); *United States v. Pastore*, 36 F.4th 423, 428–29 (2d Cir. 2022). Further, the government concedes that Marmolejos's substantive murder-for-hire conviction cannot serve as a valid Section 924(c) predicate because the jury was not asked to find that the offense resulted in personal injury or death. Instead, the government contends, as the district court held, that Marmolejos's drug conspiracy conviction remains a valid predicate for his Section 924(c) and (j) convictions. Although Marmolejos agrees that a narcotics

---

[2] As a threshold matter, the Government argues that we should decline to reach the question posed by the certificate of appealability for three independent reasons: (1) the Section 2255 motion is not cognizable because a favorable decision would not result in Marmolejos's release from confinement in light of the life sentences that he is serving on unchallenged counts of conviction; (2) the Court should exercise its discretion not to reach the merits under the concurrent-sentence and harmless-error doctrines because of the concurrent terms of life imprisonment on the unchallenged counts; and (3) Marmolejos's claim is procedurally defaulted because he failed to challenge the constitutionality of his Section 924(c) and (j) convictions on direct appeal. We do not reach those issues because, for the reasons set forth in this order, we affirm the denial of his Section 2255 motion on the merits.

conspiracy offense can still serve as a valid Section 924(c) predicate, he argues that the trial record does not provide a sufficient factual basis to conclude that his firearms convictions were based on the narcotics conspiracy predicate, and thus, the jury may have relied on the invalid predicates for those convictions.   We disagree.

"A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one."   *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008).   To prevail on this kind of challenge in a Section 2255 motion, however, the defendant must show that he was "actually prejudiced" by the charging error because it had a "'substantial and injurious effect or influence in determining the jury's verdict.'"   *Stone v. United States*, 37 F.4th 825, 829 (2d Cir. 2022) (quoting *Pulido*, 555 U.S. at 58).   "[I]n the context of a § 924(c) conviction, where a jury's finding of guilt is based on two [or more] predicates, only one of which can lawfully sustain guilt, we will find the error harmless when the jury would have found 'the essential elements of guilt on [an] alternative charged predicate that would sustain a lawful conviction' beyond a reasonable doubt."   *Id.* at 831 (quoting *United States v. Laurent*, 33 F.4th 63, 86 (2d Cir. 2022)).   That is this case.

The trial evidence demonstrated that, in 1998, the Reyes heroin trafficking organization hired Marmolejos and two others to murder two men who had allegedly stolen organization money, drugs, and a beeper used to communicate with customers.   Marmolejos drove the other two men to the murder scene where Marmolejos's associates shot and killed one of the targets and injured the other.   Other than Marmolejos's acceptance of compensation for the murder, there was no evidence of his further contact with the narcotics conspiracy.   Accordingly, the only evidence of Marmolejos's involvement in the narcotics conspiracy for which he stands convicted completely

4

overlaps with the evidence of his involvement in the Hobbs Act robbery conspiracy, the conspiracy to commit murder-for-hire, and the substantive murder-for-hire. Therefore, the evidence supporting those convictions was inextricably intertwined with the evidence supporting the narcotics conspiracy conviction. In these circumstances, the jury's verdict on the firearms offenses could not have been predicated on robbery and murder-for-hire without also being predicated on the narcotics conspiracy. *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (observing where valid and invalid predicates constitute "inextricably intertwined" offenses, such as where "the *sole* theory presented at trial was that a co-conspirator fatally discharged a firearm to rob drug dealers and to distribute any recovered narcotics," a panel of this Court has upheld Section 924(c) and (j) convictions (quoting *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order)). The jury's guilty verdict on an additional count—murder during the course of committing a drug offense in violation of 21 U.S.C. § 848(e)(1)(A)—reinforces this conclusion, even though that conviction was later vacated on grounds related to drug quantity. *See United States v. Gomez*, 210 F. Supp. 2d 465, 479 (S.D.N.Y. 2002).

We are thus confident that the jury would have reached the same verdict even if it had been charged that the Section 924(c) offense could only be predicated on narcotics conspiracy. *See Stone*, 37 F.4th at 831–32. Accordingly, the district court correctly denied the motion to vacate the firearms convictions under Section 924(c) and (j).

*    *    *

We have considered all of Marmolejos's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the January 15, 2021 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5