21-1685-cr
United States v. Brooks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th  day of June, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
                     GERARD E. LYNCH,
                     RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                                              No. 21-1685-cr

LOVE A. BROOKS,

                    *Defendant-Appellant*.*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

1

FOR DEFENDANT-APPELLANT: MICHAEL RAYFIELD, Shook, Hardy & Bacon, L.L.P., New York, NY

FOR APPELLEE: GILBERT M. REIN, Assistant United States Attorney (Amy Busa, Olatokunbo Olaniyan, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment entered in the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Love A. Brooks appeals from a June 24, 2021 judgment of the United States District Court for the Eastern District of New York (Chen, J.) denying his federal habeas motion to vacate his conviction under 18 U.S.C. § 924(c) and his corresponding sentence in light of United States v. Davis, 139 S. Ct. 2319 (2019). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On October 28, 1993, the "Mora Organization," a gang led by William Mora, carried out two attacks against rival gangs. During the first attack, Brooks detonated a grenade inside a store and shot at people standing outside of it. During the second attack, Mora, who was seated in a car with Brooks seated in front of him, shot at people standing on a street corner, killing Wayne Smith. As relevant, a jury convicted Brooks on the following five counts for his role in the attacks:

- Count 30: Arson, in violation of 18 U.S.C. § 844(i), for throwing the grenade in the store;

- Count 32: Conspiracy to commit murder in furtherance of racketeering, in violation of 18 U.S.C. § 1959(a)(5), for firing shots at the people standing outside the store;

- Count 33: Conspiracy to commit murder in furtherance of racketeering, in violation of 18 U.S.C. § 1959(a)(5), based on the shots that Mora fired at the people standing on the street corner;

- Count 34: Murder, in violation of N.Y. Penal Law ("NYPL") § 125.25, based on Mora's killing of Smith;

- Count 35: Using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), based on one of the four alternative predicates in Counts 30, 32, 33, and 34.

With respect to Count 35, the District Court instructed the jury as follows: "You need find only that the firearm was used or carried in connection with one

3

of [the] underlying counts, but you must all unanimously agree on what count that is in order to find the defendant used and carried the firearm in connection with that count." App'x 586. Brooks did not object to the jury instruction, and the jury's general verdict form did not specify which of the four predicates (Counts 30, 32, 33, or 34) was the basis for Brooks's conviction on Count 35.

Brooks filed a motion under 28 U.S.C. § 2255 to vacate his conviction on Count 35, arguing that none of the four predicate counts of conviction qualified as crimes of violence after Davis, which invalidated one prong of § 924(c)'s definition of a "crime of violence." See 139 S. Ct. at 2336. The parties agreed that the arson and murder conspiracy predicates in Counts 30, 32, and 33 were no longer crimes of violence after Davis, but disputed the status of the murder predicate in Count 34. Brooks also argued in the alternative that vacatur was warranted even if the murder predicate remained a crime of violence because there was no way to know whether it had served as the basis for his conviction under § 924(c) in light of the District Court's instruction on Count 35 and the general verdict form. The District Court denied Brooks's § 2255 motion,

4

concluding that NYPL § 125.25[1] is a crime of violence and that Brooks was not prejudiced by the jury instruction on Count 35.

On appeal, Brooks concedes that NYPL § 125.25 is a crime of violence[2] but challenges the jury instruction.  Brooks argues, as he did in his § 2255 motion, that because neither the jury instruction nor the jury verdict form specified Count 34 as the only valid predicate, it is impossible to know whether his § 924(c) conviction was based on that predicate.  "Objections to jury instructions that were not presented to the trial court," as here, "are reviewed for plain error." United States v. Capers, 20 F.4th 105, 116 (2d Cir. 2021).  "Under plain error review, we consider whether (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted).  To demonstrate prejudice under the third and fourth prongs, a petitioner must

---

[1] NYPL § 125.25(1) provides in relevant part: "A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person."  The parties agree that Brooks was convicted of intentional murder under § 125.25(1).

[2] See Appellant's Reply Br. 1–2 (discussing United States v. Pastore, 36 F.4th 423, 429 n.4 (2d Cir. 2022)).

5

prove that "the overall effect of the . . . error [was] sufficiently great [such] that there is a reasonable probability that the jury would not have convicted . . . absent the error." United States v. Laurent, 33 F.4th 63, 86–87 (2d Cir. 2022) (quotation marks omitted). We review denials of § 2255 motions de novo. See Kassir v. United States, 3 F.4th 556, 561 (2d Cir. 2021).

We agree with the District Court that Brooks was not prejudiced by the jury instruction on Count 35. The jury convicted Brooks on Count 34 for aiding and abetting Mora's killing of Smith in violation of NYPL § 125.25. And the trial evidence showed, and Brooks does not dispute, that he carried a firearm while seated in front of Mora in the car at the time that Mora shot and murdered Smith. We are thus "confident that the jury," properly instructed on the NYPL § 125.25 predicate in Count 34, "[would have] convicted" Brooks on Count 35 "in the absence of the error." Laurent, 33 F.4th at 87 (quotation marks omitted); see also Stone v. United States, 37 F.4th 825, 832 (2d Cir. 2022) (applying the same standard when reviewing the denial of a § 2255 motion challenging an instructional error based on Davis). For this reason, we conclude that the District Court did not err in denying Brooks's § 2255 motion.

We have considered Brooks's remaining arguments and conclude that they are without merit.[3]  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

[3] On appeal, Brooks also argues that the four predicate counts were not "inextricably intertwined," so that it remains possible that the jury based its § 924(c) conviction solely on an invalid predicate.  See Appellant's Br. 38–46 (discussing United States v. Vasquez, 672 F. App'x 56 (2d Cir. 2016)).  Because we conclude that Brooks was not prejudiced by the District Court's jury instruction, we do not consider whether the predicate counts were "inextricably intertwined."