07-3762-cr
USA v. Akpan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:   DENNIS JACOBS,
                                *Chief Judge*,
               ROSEMARY S. POOLER,
               REENA RAGGI,
                                *Circuit Judges*.

-------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                *Appellee*,

               v.                                                No. 07-3762-cr

GODWIN J. AKPAN,

                                *Defendant-Appellant*.
-------------------------------------------------------------------

SUBMITTING FOR APPELLANT:      MAURICE H. SERCARZ, Sercarz & Riopelle, LLP, New York, New York.

SUBMITTING FOR APPELLEE:       RITA M. GLAVIN, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, *on the brief*) *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from the United States District Court for the Southern District of New York (Kimba M. Wood, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction, entered on August 28, 2007, is AFFIRMED.

Defendant Godwin J. Akpan, who was convicted of committing health-care fraud and submitting false statements in connection therewith, see 18 U.S.C. §§ 1347, 1035, appeals from that portion of the judgment sentencing him to a 37-month term of imprisonment.

In the aftermath of United States v. Booker, we review sentences for "reasonableness," 543 U.S. 220, 262 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range,'" United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 40 (2007)).  Our review proceeds in two steps:  first, we must "ascertain whether the sentence was administered without procedural error," United States v. Williams, 524 F.3d 209, 214 (2d Cir. 2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," Gall v. United States, 552 U.S. at 51, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, id. at 56.  In applying reasonableness review to this case, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Akpan submits that the district court committed procedural error in employing a 12-level enhancement when calculating the offense level relevant to his Sentencing Guidelines range because the evidence did not support an intended loss exceeding $200,000. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (2005). We review the challenged factual finding for clear error, see United States v. Kerley, 544 F.3d 172, 179 (2d Cir. 2008), and identify none in this case.

Akpan does not contest that the government proved at trial that, through his company, Goodlife Medical Supplies ("GMS"), he caused an intended loss of $107,000 by submitting numerous false claims for reimbursement to Medicare. Indeed, the jury convicted Akpan of submitting $43,000 worth of charged false claims, and the district court specifically credited those witnesses who testified that he submitted a further $64,000 worth of uncharged ones. Instead, Akpan argues that the financial records and forged certificates of medical necessity ("CMNs") seized from GMS did not support the district court's finding that $200,000 was a "reasonable estimate" of the total intended loss. U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C). We disagree.

The $107,000 loss was reflected in only 28 specific false claims. The district court found that GMS's financial records showed that the company submitted 149 claims of reimbursement for motorized wheelchairs when, in fact, its own records established that GMS purchased only 12. Based on that fact, the district court did not clearly err when, rejecting Akpan's unsubstantiated assertion that he purchased additional wheelchairs and

3

scooters from various distributors, it concluded that GMS acquired less than one-third of the wheelchairs and accessories Akpan claimed to have delivered to beneficiaries. Given Akpan's proven practice of submitting false claims for items never given to beneficiaries, it was also more than reasonable for the district court to infer that the financial records evidenced a similar fraudulent practice, rather than, as Akpan submits, a coding, billing, or some other innocent error. See United States v. Uddin, 551 F.3d 176, 180-81 (2d Cir. 2009) (upholding loss estimate where "'known' data" regarding predicate transactions' comparative nature and context suggested that they were fraudulent); see also United States v. MacPherson, 424 F.3d 183, 191 (2d Cir. 2005) (holding that pattern evidence could support inference of intent). Finally, by finding that the price of each wheelchair was $5,100 (which Medicare reimbursed at a rate of 80%), the district court appropriately deduced that the intended loss "easily exceed[ed]" $200,000. Sentencing Tr. at 20.

Independent of GMS's financial records, the district court's loss finding was also supported by inferences drawn from the forged CMNs. Specifically, the district court found that (1) there existed 21 forged CMNs that were not included as part of the $107,000 figure proved at trial, (2) Akpan intended to use these CMNs to submit false reimbursement claims for $90,000 worth of motorized wheelchairs, and (3) Akpan intended to use other forged CMNs (that is, CMNs for items other than wheelchairs) to defraud Medicare of a further $4,000. Combining these figures with the $107,000 proved at trial, the district court appropriately concluded that the sum total of the intended loss was over $200,000. Akpan's

4

suggestion that the district court improperly double-counted these CMNs to reach the $200,000 figure is factually incorrect. The district court relied on CMNs that were not included in the $107,000 proved at trial, and, because the CMNs provided an alternative and independent route to calculate the $200,000 intended-loss figure, it is irrelevant that some or even all of these CMNs could have been used in connection with the 149 claims documented in GMS's financial records.

We acknowledge, as does the government, that the district court apparently misspoke when it initially characterized the $107,000 loss proved at trial as an amount "additional" to — rather than inclusive of — the $43,000 attributable to the charged claims. Sentencing Tr. 17. But given Akpan's admission that the government proved a loss of $107,000 at trial, and the district court's record-based finding of a $200,000-plus intended loss, it is clear that any misstatement was a harmless "slip of the tongue" not warranting remand. United States v. Grimes, 225 F.3d 254, 260 (2d Cir. 2000); see also United States v. Sanchez, 517 F.3d 651, 665 (2d Cir. 2008) (explaining that remand to clarify record ambiguity is unnecessary if it is clear that district court would have imposed same sentence in any event).

The judgment is AFFIRMED.

> For the Court:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

5