*United States v. Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-five.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    REENA RAGGI,
>    WILLIAM J. NARDINI,
>        *Circuit Judges,*

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                            24-1008

DIONISIO FIGUEROA, AKA DIONICIO,

>        *Defendant-Appellant*,

TELESFORO DEL VALLE, JR., AKA TED,

>        *Defendant*.

_____

For Defendant-Appellant:            Molly K. Corbett (James Egan, Assistant Federal Public Defenders, *on the brief*), Federal Public Defender for the Northern District of New York, Albany, NY.

For Appellees:                      Frank Balsamello (Stephanie Simon, Danielle R.

Sassoon, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dionisio Figueroa appeals from a judgment of conviction entered on April 10, 2024, in the United States District Court for the Southern District of New York (D'Agostino, *J.*, sitting by designation), after a jury trial at which he was found guilty of multiple offenses in connection with his receipt of bribes from attorney Telesforo Del Valle in exchange for referring the criminal defendants Figueroa encountered while working in the Magistrate Clerk's Office of the Southern District of New York. Figueroa was sentenced to two years of imprisonment for federal employee bribery, 18 U.S.C. § 201(b)(2)(C), making false statements to federal agents, 18 U.S.C. § 1001, and conspiracy to receive unlawful compensation or to commit federal employee bribery, 18 U.S.C. § 371.[1] We assume the parties' familiarity with the facts of the case, procedural history, and arguments, repeating only what is necessary to explain our decision to **AFFIRM**.

**I. Motion for Judgment of Acquittal**

We review *de novo* a district court's denial of a motion for judgment of acquittal. *United States v. Jabar*, 19 F.4th 66, 76 (2d Cir. 2021). As relevant here, acquittal is warranted "where the verdict is [legally] supportable on one ground, but not on another, and it is impossible to tell which

---

[1] Figueroa was also convicted of receiving unlawful compensation, 18 U.S.C. §§ 203(a)(1)(B), 216(a)(2), but Judge D'Agostino granted Figueroa's motion for a judgment of acquittal on this count following trial, while denying it as to the remaining counts.

2

ground the jury selected." *Yates v. United States*, 354 U.S. 298, 312 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1 (1978); *United States v. Garcia*, 992 F.2d 409, 415–16 (2d Cir. 1993). On appeal, Figueroa argues that the district court should have granted his motion for acquittal on Count One, the conspiracy count, because the jury may have convicted him of conspiracy based on the legally invalid object of receiving unlawful compensation. We disagree.

Figueroa's challenge to his conspiracy conviction is foreclosed by our decision in *United States v. Zvi*, 168 F.3d 49 (2d Cir. 1999). Applying *Yates* and its progeny, this court has held that "a conspiracy conviction must be reversed where one or more objects is [legally] invalid." *Zvi*, 168 F.3d at 55; *United States v. Head*, 641 F.2d 174, 178–79 (4th Cir. 1981); *United States v. Beverly*, 913 F.2d 337, 362 n.35 (7th Cir. 1990), *aff'd sub nom. United States v. Griffin*, 502 U.S. 461 (1991). In *Zvi*, we found that some of the objects charged in a multi-object conspiracy were time-barred. 168 F.3d at 55. Nonetheless, we rejected the defendant's *Yates* challenge because it was not "'impossible to tell' whether the jury's conviction for conspiracy was based in part on [an invalid] object[] asserted in the indictment" because the jury convicted the defendant of a substantive offense that was charged as another object of the conspiracy. *Id*; *see also United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order). Here, the jury convicted Figueroa of federal programs bribery, which was charged as another object of the conspiracy. Because the jury's verdict on the conspiracy charge thus rested on permissible grounds, the district court did not err in denying Figueroa's motion for judgment of acquittal.

## II.     Procedural Reasonableness of Figueroa's Sentence

We review Figueroa's challenge to the procedural reasonableness of his sentence for abuse of discretion. *United States v. Vinales*, 78 F.4th 550, 552 (2d Cir. 2023). The standard includes

*de novo* review of questions of law and review of factual findings for clear error. *Id.*; *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). A sentence is procedurally unreasonable where the district court improperly calculates the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Vinales*, 78 F.4th at 552. Figueroa first claims that the district court improperly calculated the bribe amount as between $40,000–$95,000, leading it to increase his offense level by six, under U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(D). For the following reasons, we disagree.

The Guidelines enhance a bribery sentence when "the benefit received . . . by a public official . . . or the loss to the government from the offense, whichever is greatest, exceeded $6,500." U.S.S.G. § 2C1.1(b)(2). The court must increase the offense level by an amount commensurate with the amount gained or lost. *See id.* § 2B1.1(b)(1)(D) (enhancing by six levels where the gain/loss amount was between $40,000 and $95,000). The district court "need not establish the [amount] with precision but rather need only make a reasonable estimate . . . given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (citation and internal marks omitted); *United States v. Coppola*, 671 F.3d 220, 250 (2d Cir. 2012); U.S.S.G. § 2B1.1 cmt. 3(B).

The district court's determination that the "value of the payment" Figueroa received exceeded $40,000 was not clearly erroneous. Where, as here, Del Valle's record-keeping was such that the exact amount he paid Figueroa was unknown, the district court was entitled to estimate the gain amount "by extrapolating the average amount of [gain] from known data and applying that average to transactions where the exact amount of [gain] is unknown." *United States v. Bryant*, 128 F.3d 74, 76 (2d Cir. 1997) (per curiam); *Uddin*, 551 F.3d at 180. At trial, Del Valle's secretary testified that, to pay Figueroa for his illicit referrals, she regularly gave Figueroa's wife envelopes containing between $1,000 and $3,000 in cash, for an average of $2,000 per bribe.

4

Ultimately, Figueroa referred approximately 38 clients to Del Valle, 23 of whom retained him as an attorney. Based on testimony describing the number of times Del Valle paid Figueroa for referring a client, it was not unreasonable for the district court to infer that Figueroa's other referrals generated fees as well. *See, e.g.*, *United States v. Akpan*, 361 F. App'x 252, 253–54 (2d Cir. 2010) (summary order) (concluding a district court properly inferred, from a pattern of behavior that generated known loss amounts, that other similar behavior also generated that loss); U.S.S.G. § 2B1.1 cmt. 3(B)(iv) (explaining a loss estimate may be based on "the approximate number of victims multiplied by the average loss to each victim").[2] That accordingly placed the benefit amount between $46,000 and $76,000, or 23–38 clients multiplied by $2,000. The district court therefore did not abuse its discretion in calculating the value of the benefit to Figueroa as falling between $40,000–$95,000 and imposing a six-level enhancement. U.S.S.G. § 2B1.1(b)(1)(D).

Figueroa next challenges the district court's imposition of an enhancement for obstruction of justice. This argument, too, is unavailing. Figueroa was convicted for making false statements to federal law enforcement agents when he denied making referrals to Del Valle. This conviction mandated the imposition of the enhancement. U.S.S.G. § 3C1.1 (imposing enhancement where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction"); *id.* cmt. 4(I) (defining obstructive conduct as "conduct prohibited

---

[2] To the extent that not all of these referrals generated fees, the district court compensated for this risk by adopting an average bribe amount that was lower than what some evidence indicated Figueroa received. *United States v. Sutton*, 13 F.3d 595, 599–600 (2d Cir. 1994) (affirming calculation of loss value based on some transactions that may not have been fraudulent because "the district court explicitly took this possibility into consideration in calculating loss by adopting a bribe estimate . . . [that] was far lower than that given by the overwhelming majority of testifying witnesses").

by obstruction of justice provisions under title 18, United States Code"); *see also United States v. Crisci*, 273 F.3d 235, 240 (2d Cir. 2001) (affirming a district court's application of the enhancement because the defendant's "separate count of conviction for making false statements to the FBI agent investigating the instant offense compelled the district court to apply Section 3C1.1"). The district court therefore did not abuse its discretion in imposing the enhancement.

\* \* \*

We have considered Figueroa's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court